# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

IN RE:                                                    CASE NO.: 18-22930-LMI

MARIELA C. ROMAN                                          CHAPTER 7

    Debtor.
_____/

## UNITED STATES OF AMERICA'S MOTION FOR ORDER DECLARING THAT AUTOMATIC STAY IS INAPPLICABLE TO RESTITUTION JUDGMENT

The United States of America (the "United States") hereby moves for the entry of an order declaring that the automatic stay provisions of 11 U.S.C. § 362 are inapplicable to the United States' anticipated collection efforts on a criminal restitution judgment entered against the Debtor, under either 18 U.S.C. § 3613(a) or 11 U.S.C. § 362(b)(1) or, in the alternative, the United States respectfully seeks relief from the stay, and in support thereof states as follows:

### I. BACKGROUND FACTS

1.    On October 18, 2018 (the "Petition Date"), Mariela C. Roman ("Roman")(the "Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code.

2.    On or around February 24, 2016, Roman pled guilty in a criminal case styled <u>United States of America v. Mariela Roman</u>, Case No.: 1:15-cr-20691-MGC in the United States District Court for the Southern District of Florida (the "Criminal Case"), to conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349.

3.    On June 1, 2016, the District Court entered a Judgment in the Criminal Case (the "Judgment"), requiring Roman to be imprisoned for a total term of 49 months, and directing

Roman to pay criminal restitution in the amount of $2,353,637.03. A true and correct copy of the Judgment is attached hereto as **Exhibit "A."**

4. The United States seeks to pursue collection efforts with respect to the Judgment including, but not limited to, recording liens with respect to Roman's property and/or property of Roman's bankruptcy estate.

5. Therefore, in an abundance of caution, the United States respectfully requests that this Court enter an order declaring that the automatic stay provisions of 11 U.S.C. § 362 are inapplicable to the United States' anticipated collection efforts on its criminal restitution judgment.

## II. ARGUMENT

6. Under 11 U.S.C. § 362(b)(1), "the filing of a [bankruptcy] petition . . . does not operate as a stay under [§ 362(a)] of the continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

7. Additionally, under settled law, the so-called "criminal action or proceeding" exception under 11 U.S.C. § 362(b)(1) allows the United States to enforce restitution orders against property of the debtor. United States v. Robinson, 494 B.R. 715, 719 (W.D. Tenn. 2013) aff'd sub nom. In re Robinson, 764 F.3d 554 (6th Cir. 2014) (affirming holding that automatic stay did not apply to prevent United States from enforcing prepetition restitution orders against both debtor's assets and the assets of the bankruptcy estate); In re Bibbs, 282 B.R. 876 (Bankr. E.D. Ark. 2002)(holding that automatic stay did not apply to criminal proceedings, including enforcement of orders to pay fines and restitution).

8. Further, the United States may also seek to enforce restitution orders against property of the bankruptcy estate. Robinson, 764 F.3d at 554; 18 U.S.C. § 3613.

2

9. In relevant part, 18 U.S.C. § 3613 provides that "**[n]ot withstanding any other Federal law**. . . a judgment imposing [restitution] may be enforced against all property or rights to property of the person [ordered to pay restitution.]" Id; (emphasis added). In construing the "notwithstanding" clause, the Supreme Court and the circuit courts have indicated that this language supersedes conflicting laws. Robinson, 764 F.3d at 560.

10. Specifically, courts have noted that 18 U.S.C. § 3613(a) is a "powerful and far-reaching" statute that supersedes § 541 and § 362. Id. e.g., United States v. Hyde, 497 F.3d 103, 108 (1st Cir.2007) (holding that "notwithstanding" language is obvious; therefore, "neither Massachusetts law nor the Bankruptcy Code restricts the reach of [§ 3613's] clear language").

11. Accordingly, when the United States seeks to enforce a criminal fine or restitution order, it may seek to collect against both property of the Debtor and property of the Debtor's bankruptcy estate. Robinson, 764 F.3d at 554.

12. Here, the United States intends to proceed with enforcement of its restitution order by seeking to record liens against Roman's property and/or property of Roman's bankruptcy estate.

13. The United States contends that the automatic stay is inapplicable to its anticipated efforts to collect on its restitution judgment. In an abundance of caution, however, the United States respectfully requests that this Court enter an order declaring that automatic stay is inapplicable to the United States' anticipated efforts to collect on its restitution judgment. Alternatively, the United States seeks relief from the automatic stay under 11 U.S.C. § 362.

**WHEREFORE**, the United States of America respectfully requests that this Court enter an order: (i) declaring that the automatic stay is inapplicable to the United States of America's anticipated efforts to collect on its restitution judgment against Roman; (ii) declaring that the

United States of America may seek to enforce its restitution judgment against all property of Roman, including all property of Roman that became property of the bankruptcy estate upon the filing of the bankruptcy petition; or (iii) alternatively, granting the United States of America relief from the automatic stay under 11 U.S.C. § 362 in order to allow the United States to pursue any and all collection efforts with respect to its restitution judgment; (iv) waiving the 14-day stay provided by Rule 4001(a)(3); and (v) providing such other relief that is otherwise just.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY**

By: *s/Marlene Rodriguez*
Marlene Rodriguez
Assistant United States Attorney
Fl. Bar No. 120057
E-mail: Marlene.Rodriguez@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9206
Fax: (305) 530-7139
*Counsel for United States of America*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed in the below Service List.

**VIA CM/ECF:**

**18-22930-LMI Notice will be electronically mailed to:**

Ross R Hartog
rhartog@mrthlaw.com,
FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com;rrh@trustesolutions.net;rhartog@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**VIA U.S. MAIL:**

Mariela C. Roman
Federal Correctional Complex
Coleman Prison Camp
POB 1027
Coleman, FL 33521

                                                  *s/Marlene Rodriguez*
                                                  Marlene Rodriguez

# Exhibit "A"

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                       Page 1 of 6

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| MARIELA ROMAN | Case Number: **15-20691-CR-COOKE-2** |
| | USM Number: **11402-104** |
| | |
| | Counsel For Defendant: **Erick Cruz and Carl Kafka, Esq.** |
| | Counsel For The United States: **Sean Cronin, AUSA** |
| | Court Reporter: **Tamra Piderit** |

**The defendant pleaded guilty to count one of the Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18, U.S.C. 1349 | Conspiracy to commit wire fraud affecting a financial institution. | 10/2006 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:

6/1/2016

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

June 1, 2016

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                    Page 2 of 6

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **49 months**.

**The court makes the following recommendations to the Bureau of Prisons: For the defendant to be designated to a facility in the Southern District of Florida.**

**The defendant shall surrender to the designated facility and/or the US Marshal for this District on or before 12:00 p.m. on August 5, 2016.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                                                   UNITED STATES MARSHAL


                                                                                    DEPUTY UNITED STATES MARSHAL

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                          Page 3 of 6

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## SPECIAL CONDITIONS OF SUPERVISION

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

Mental Health Treatment - The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Related Concern Restriction - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

Relinquishment of Licensure - Upon request of the appropriate regulatory agency, the defendant shall relinquish his/her license to said agency. The defendant is on notice that such relinquishment is permanent and will be considered disciplinary action.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                       Page 5 of 6

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution    |
|--------|------------|--------|----------------|
| TOTALS | $100.00    | $0.00  | $2,353,637.03  |

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

**Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of $2,353,637.03. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\*\*Assessment due immediately unless otherwise ordered by the Court.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                       Page 6 of 6

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

**F. Special instructions regarding the payment of criminal monetary penalties:**
**$50,000.00 towards restitution to be paid by June 3, 2016.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Restitution is owed jointly and severally by the defendant and co-defendants in the above case.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.