UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAN 10 2019

IN RE:                                    Case No.: 18-22930-LMI

MARIELA C. ROMAN                          CHAPTER 7
    Debtor

## MOTION FOR RECONSIDERATION OF ORDER DECLARING THAT AUTOMATIC STAY IS INAPPLICABLE TO RESTITUTION JUDGMENT

AND NOW, comes Debtor Mariela Roman ("Ms. Roman"), Pro Se, files the within Motion for Reconsideration of Order Declaring That Automatic Stay is Inapplicable to Restitution Judgment averring:

### BACKGROUND

1.  On November 28, 2018, this Court entered an order granting the Government's Motion for Order Declaring That Automatic Stay is Applicable to Restitution Judgment.

2.  On December 4, 2018, debtor filed a Motion for Extension to File a Motion for Reconsideration of the Order Declaring That Automatic Stay is Inapplicable to Restitution Judgment.

3.  On December 21, 2018, this Court granted the extension to file a Motion for Reconsideration.

1

## ARGUMENT

4. The government's motion is flawed and misrepresents the facts and case law.

5. Within the government's own motion is debtor Mariela Roman's Judgment In a Criminal Case marked Exhibit "A."

6. In Ms. Roman's judgment the terms of payment are clearly listed and may *not* be changed without the criminal Court's permission to alter Ms. Roman's judgment.

7. The government now comes with a hypothetical argument about what it may do in the future. This Court must not allow the government this broad leeway.

8. Under the current and ONLY order relating to Ms. Roman's criminal proceeding and restitution, Ms. Roman is to pay $25.00 per quarter while incarcerated; Ms Roman is currently incarcerated. Exhibit 1.

9. Most important to this instant action is that the government has not petitioned the criminal Court seeking to change Ms. Roman's restitution payments or enforce any other means of obtaining assets.

10. The government's request also is counterproductive to its alleged objective: obtaining assets to pay Ms. Roman's restitution.

11. Ms. Roman seeks the stay in an effort to stay foreclosure of her properties. Ms. Roman's intentions are to seek a loan modification to keep the properties afloat.

12. Furthermore, even a cursory review of debtor's properties will show she is upside down; the properties are worth less than the current mortgage.

13. Recently the Supreme Court, in a unanimous decision in <u>Honeycutt v. United States</u>, 137 S. Ct. 1626, sharply criticized the government for drastically overreaching its authority in its efforts to collect assets from criminal defendants.

14. Although <u>Honeycutt</u> deals with forfeiture, it exposes the government's aggressive, unethical means.

15. This Court should be made aware that the government, although it threatened forfeiture of Ms. Roman's properties, <u>never</u> actually pursued the option, not because they didn't want to, <u>but</u> because they would not have been successful.

16. <u>Honeycutt</u> did two things when it stopped the government from seizing assets not associated with the crime:

   (1) 21 U.S.C.S. § 853(a)'s limitation of forfeiture to tainted property acquired or used by the defendant, together with the plain text of 21 U.S.C.S. § 853(a)(1), foreclosed joint and several liability for coconspirators;

   (2) Forfeiture pursuant to 21 U.S.C.S. § 853(a)(1) was limited to property the defendant himself actually acquired as a result of the crime.

17  Debtor points this out to show this Court that the personal property included in the bankruptcy petition was not the subject of ill gotten gain, but was obtained through hard work and savings, or the government would have followed through with a forfeiture.

## SUMMARY

18. The government has no pending action currently involving Ms. Roman, involving her criminal case or restitution.

19. The judgment in Ms. Roman's criminal case makes clear the method and terms of payment required of Ms. Roman, during her incarceration as well as after her incarceration.

20. The government must seek judicial approval from the criminal Court to alter the restitution terms listed in the _final_ judgment.

21. Debtor Ms. Roman only seeks to stay to hopefully prevent foreclosure of the properties.

22. Ms. Roman intends to work with the lenders on those properties so that she can modify the terms of the mortgages, in an effort to keep the properties and fulfill her financial responsibility to the lenders.

23. Ms. Roman questions whether the government has any standing in the matter without pending litigation against the subject properties:

    1)   243 N.E. 3rd Street, #1107, Miami, Florida
    2)   11263 S.W. 74 Street, Miami, Florida
    3)   3586 S.W. 154 Place, Miami, Florida

24. As this Court is well aware, the government does not sit in first position as a debtor; the banks holding the mortgages hold first position.

25. Therefore, the government is not harmed by allowing the automatic stay to be implemented.

26. Lastly, there is no equity in any of the subject properties.

27. For all the reasons cited above, Debtor, Mariela C. Roman, asks this Honorable Court to reconsider its order and deny the government's request to deny the automatic stay provision.

## CONCLUSION

Debtor, Mariel C. Roman, respectfully requests that this Court enter an order granting her Motion of Reconsideration, denying the government's Motion for Order Declaring That Automatic Stay Provision is Inapplicable to Restitution Judgment, and any other relief the Court deems appropriate.

Dated: January 4, 2018

Respectfully Submitted

By: /s/ Mariela Roman
Mariela C. Roman, Pro Se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been served via U.S. Mail on the 4th day of January, 2018, to : Ross R. Hartog, Chapter 7 Bankruptcy Trustee, 101 N.E. Third Avenue, Suite 1210, Fort Lauderdale, FL 33301, and to Marlene Rodriguez, Assistant United States Attorney, 99 N.E. 4th Street, Suite 300, Miami, FL 33132.

By /s/ Mariela Roman
Marial C. Roman, Pro Se
Reg. No. 11402-104
F-3, Federal Correctional Complex-CAMI
P.O. Box 1027
Coleman, FL 33521

DEFENDANT: **MARIELA ROMAN**
CASE NUMBER: **15-20691-CR-COOKE-2**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $2,353,637.03 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Restitution with Imprisonment** - It is further ordered that the defendant shall pay restitution in the amount of $2,353,637.03. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\*\*Assessment due immediately unless otherwise ordered by the Court.

Exhibit 1.