UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                                           CASE NO.: 18-22930-LMI

MARIELA C. ROMAN                                                   Chapter 7

       Debtor./

## OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

Ross R. Hartog, the Chapter 7 Trustee (the "Trustee") for the estate of Mariela C. Roman (the "Debtor"), through undersigned counsel, objects (the "Objection") to the Debtor's claimed exemptions pursuant to Fed. R. Bankr. P. 4003. In support of the Objection, the Trustee states as follows:

### Background

1. On November 8, 2018 (the "Petition Date"), the *pro se* Debtor filed a skeleton petition (the "Petition") under Chapter 7 of Title 11 of the United States Code.

2. Ross R. Hartog was subsequently appointed as the chapter 7 trustee.

3. The Debtor's Section 341 meeting of creditors was originally scheduled for November 27, 2018, but was eventually conducted and concluded on January 9, 2019 (the "341 Meeting"). The deadline to object to the Debtor's claimed exemptions is February 8, 2019.

4. On November 26, 2018, the Debtor filed her schedules and statement of financial affairs. *See* ECF No. 26.

5. The Debtor indicates on her Schedule A that she owns three real properties:

    i.    3856 SW 154 Place, Miami, FL 33185 (the "Ponce Estates Property");

    ii.   11263 SW 74th Street, Miami, FL 33173 (the "Sunset Mansions Property"); and

      iii.      234 NE 3rd Street, #1107, Miami, FL 33132 (the "Downtown Condo") (collectively, the Ponce Estates Property, Sunset Mansions Property, and Downtown Condo shall be referred to herein as the "Properties"). *See* Id.

### Claim of Exemptions and Objection

6.      The Debtor attempts to claim the Properties exempt under U.S.C. 552(o) and writes in a description for each of the Properties in her Schedule C as follows:

    i.      "Homestead Resident Property" for the Ponce Estates Property;

    ii.     "Single Family" for the Sunset Mansions Property; and

    iii.    "Condominium" for the Downtown Condo.

7.      Accordingly, it appears that the Debtor is attempting to exempt the Properties as homestead potentially under 11 U.S.C. § **522**(o) and not § **552**(o).

8.      Nevertheless, the Trustee objects to the Debtor's claim of exemption on the Properties under both U.S.C. § 552(o) and § 522(o). 11 U.S.C. § 552 deals with the postpetition effect of security interest and only has two subsections, (a) and (b). Accordingly, 11 U.S.C. § 552(o) is not applicable here as it is not a valid claim of exemption that the Debtor may raise to exempt property from property of the estate.

9.      If the Debtor is attempting to exempt the Properties under 11 U.S.C. § 522(o), the Trustee also objects as § 522(o) is not applicable here. 11 U.S.C. § 522(o) is not a valid claim of exemption but instead allows for a trustee or creditor to challenge a debtor's homestead exemption when the homestead property was acquired with non-exempt assets and with actual fraudulent intent. Accordingly, 11 U.S.C. § 522(o) is not applicable here as it is not a valid claim of exemption that the Debtor may raise to exempt property from property of the estate.

10. During the 341 Meeting, she testified that the Ponce Estates Property is her homestead.

11. The Debtor further testified at the 341 Meeting that family members are living in the Sunset Mansions Property and the Downtown Condo.

12. Assuming the forgoing is true, the Debtor may be entitled to claim the Ponce Estates Property, and only the Ponce Estates Property, as homestead under the Article 10, Section 4 of the Florida Constitution, however, she has not done so relying instead on Section 522(o).[1]

13. Accordingly, the Debtor's claimed exemptions on the Properties are invalid and the Trustee should be authorized to administer same. Alternatively, the Debtor should be given the opportunity to claim the Ponce Estate's Property as her exempt homestead, and the Trustee should be authorized to administer the Sunset Mansions Property and the Downtown Condo.

WHEREFORE, the Trustee respectfully requests entry of an order (a) sustaining the Objection; (b) finding that the Properties are not exempt; (c) alternatively, granting the Debtor and opportunity to claim the Ponce Estate's Property as her exempt homestead, finding tha the Sunset Mansions Property and the Downtown Condo are not exempt; and (d) granting such other and further relief as the Court deems just and proper.

---

[1] At a recent hearing on a motion for relief from the automatic stay, the Debtor also claimed in open court that the Ponce Estates Property was her homestead. Furthermore, as indicated above the Debtor also describes the Ponce Estates Property as her Homestead Resident Property on Schedule C. Also, in her Petition, the Debtor indicates that although she currently lives at the Federal Correctional Complex, Coleman Prison Camp at Coleman, Florida, she chose to file in the Southern District of Florida because she "live[s] in Miami FL but I am currently in the custody of the Beauro *sic* of Prisons. When I am done with my sentence **I will return to Miami, FL**." Moreover, in a previous Chapter 13 bankruptcy filed in 2017, the Debtor claims the Ponce Estates Property exempt as her homestead under Article 10, section 4 of the Florida Constitution. *See* 17-14944-AJC, ECF No. 12, Schedule C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record or *pro se* parties identified on the attached Service List via U.S. Mail and/or the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on February 1, 2019.

Dated: February 1, 2019    MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel. (305) 670-5000
Fax. (305) 670-5011

By:    /s/ *John H. Lee*
John H. Lee, Esq.
Florida Bar No. 91795
jlee@mrthlaw.com

778622

*In re: Mariella C. Roman*
Case No. 18-22930-LMI
<u>Service List</u>

**18-22930-LMI Notice will be electronically mailed to:**

Jeffrey S. Berlowitz on behalf of Creditor Chestnut Woods Homeowners Association, Inc.
jberlowitz@srhl-law.com, jortega@srhl-law.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com; rrh@trustesolutions.net;rhartog@ecf.courtdrive.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com, ecfnotices@mrthlaw.com, mrthbkc@gmail.com,jgarey@mrthlaw.com, ycandia@mrthlaw.com,gruiz@mrthlaw.com; markowitzjr73991@notify.bestcase.com, jlee@ecf.courtdrive.com

Nicole M Noel on behalf of Creditor Select Portfolio Servicing, Inc.
bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com

Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek, Esq. on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
spowrozek@logs.com, electronicbankruptcynotices@logs.com

Marlene Rodriguez on behalf of Creditor United States of America
marlene.rodriguez@usdoj.gov, Shannon.patterson@usdoj.gov;Milton.pacheco@usdoj.gov

Christopher P Salamone on behalf of Creditor U.S. Bank National Association, as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2007-S7
csalamone@rasflaw.com, csalamone@rasflaw.com

**18-22930-LMI Notice will be mailed to:**

Mariela C. Roman, Pro Se Debtor
Federal Correctional Complex
Coleman Prison Camp
POB 1027
Coleman, FL 33521

Synchrony Bank
PRA Receivables Management, LLC
c/o Valerie Smith
PO Box 41021
Norfolk, VA 23541

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701