**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                CASE NO.: 18-22930-LMI

MARIELA C. ROMAN                  CHAPTER 7

    Debtor.
_____/

**UNITED STATES' RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DECLARING THAT AUTOMATIC STAY IS INAPPLICABLE TO RESTITUTION JUDGMENT**

The United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, responds to the Debtor Mariela Roman's (Roman) *Motion for Reconsideration of Order Declaring that Automatic Stay is Inapplicable to Restitution Judgment* (D.E. 61), and respectfully submits that the subject Order was properly entered. The Debtor's Motion for Reconsideration fails to set forth any legal arguments in support of her position that the government is not entitled to relief from the automatic stay.

### I.    BACKGROUND FACTS

1. On June 1, 2016, the United States District Court for the Southern District of Florida entered a Judgment in a Criminal Case, ordering that Roman be imprisoned for a total term of 49 months and directing Roman to pay criminal restitution in the amount of $2,353,637.03. *See* D.E. 20, Exh. A.

2. The United States sought to pursue collection efforts with respect to the criminal judgment and filed a *Motion for Order Declaring that Automatic Stay is Inapplicable to Restitution Judgment* (D.E. 20).

3. After a hearing on November 28, 2018, the Court granted the United States' Motion and found that the automatic stay does not apply to the United States' efforts to collect and enforce its restitution judgment against Roman (D.E. 32).

4. The Debtor subsequently filed a Motion for Reconsideration asking the Court to reconsider the Order finding that the automatic stay does not apply to the restitution judgment.

## II. ARGUMENT

5. As set forth in the United States' Motion, the "criminal action or proceeding" exception under 11 U.S.C. § 362(b)(1) allows the United States to enforce restitution orders against property of the debtor. United States v. Robinson, 494 B.R. 715, 719 (W.D. Tenn. 2013) aff'd sub nom. In re Robinson, 764 F.3d 554 (6th Cir. 2014) (affirming holding that automatic stay did not apply to prevent United States from enforcing prepetition restitution orders against both debtor's assets and the assets of the bankruptcy estate); In re Bibbs, 282 B.R. 876 (Bankr. E.D. Ark. 2002)(holding that automatic stay did not apply to criminal proceedings, including enforcement of orders to pay fines and restitution).

6. In relevant part, 18 U.S.C. § 3613 provides that "[n]ot withstanding any other Federal law. . . a judgment imposing [restitution] may be enforced against all property or rights to property of the person [ordered to pay restitution.]" Id; (emphasis added). In construing the "notwithstanding" clause, the Supreme Court and the circuit courts have indicated that this language supersedes conflicting laws. Robinson, 764 F.3d at 560.

7. Specifically, courts have noted that 18 U.S.C. § 3613(a) is a "powerful and far-reaching" statute that supersedes § 541 and § 362. Id. e.g., United States v. Hyde, 497 F.3d 103, 108 (1st Cir.2007) (holding that "notwithstanding" language is obvious; therefore, "neither Massachusetts law nor the Bankruptcy Code restricts the reach of [§ 3613's] clear language").

8.      Accordingly, when the United States seeks to enforce a criminal fine or restitution order, it may seek to collect against both property of the Debtor and property of the Debtor's bankruptcy estate.  Robinson, 764 F.3d at 554.

9.      The bankruptcy court is not the proper forum for a determination to be made as to what enforcement actions the United States may take in order to enforce the criminal restitution judgment entered against Mariela Roman.  Only the district court may enforce the criminal restitution judgment and direct what assets of the Debtor may be applied toward that judgment.  For the reasons set forth above, the United States is entitled to a determination that the automatic stay does not apply to a criminal restitution judgment

10.     The Debtor's reliance on the case of Honeycutt v. United States, 137 S. Ct. 1626 (2017) is misplaced.  Honeycutt was a forfeiture action; the issue in this case involves a restitution judgment.  Enforcement of a criminal restitution judgment does not require that the government show that the assets were acquired as a result of the criminal activity.  The applicable statute, 18 U.S.C. § 3613, provides that a judgment imposing a fine or restitution may be enforced against all property or rights to property of the person fined with limited exceptions, none of which apply to the Debtor.

For these reasons, the United States requests that Debtor's Motion for Reconsideration be denied.

Respectfully submitted,

**ARIANA FAJARDO ORSHAN**
**UNITED STATES ATTORNEY**

By: *s/Marlene Rodriguez*
Marlene Rodriguez
Assistant United States Attorney
Fl. Bar No. 120057

E-mail:  Marlene.Rodriguez@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9206
Fax: (305) 530-7139
*Counsel for United States of America*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed in the below Service List.

### VIA CM/ECF:

**18-22930-LMI Notice will be electronically mailed to:**

Jeffrey S. Berlowitz on behalf of Creditor Chestnut Woods Homeowners Association, Inc.
jberlowitz@srhl-law.com, jortega@srhl-law.com

Ross R Hartog
rhartog@mrthlaw.com,
FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com;rrh@trustesolutions.net;rhartog@ecf.courtdrive.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com,
ecfnotices@mrthlaw.com,mrthbkc@gmail.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,gruiz@mrthlaw.com;markowitzjr73991@notify.bestcase.com,jlee@ecf.courtdrive.com

Nicole M Noel on behalf of Creditor Select Portfolio Servicing, Inc.
bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek, Esq. on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
spowrozek@logs.com, electronicbankruptcynotices@logs.com

Marlene Rodriguez on behalf of Creditor United States of America
marlene.rodriguez@usdoj.gov, Shannon.patterson@usdoj.gov;Milton.pacheco@usdoj.gov

Christopher P Salamone on behalf of Creditor U.S. Bank National Association, as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series

2007-S7
csalamone@rasflaw.com, csalamone@rasflaw.com

H Michael Solloa, Jr on behalf of Creditor World Omni Financial Corp.
mxs@trippscott.com

**VIA U.S. MAIL on February 19, 2019:**

Mariela C. Roman
Federal Correctional Complex
Coleman Prison Camp
POB 1027
Coleman, FL 33521

                                                              *s/Marlene Rodriguez*
                                                              Marlene Rodriguez